

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

CASE NO. 3:19-cv-346-J-32JBT

REAL PROPERTY, INCLUDING ALL
IMPROVEMENTS THEREON AND
APPURTENANCES THERETO,
LOCATED AT 76437 TIMBER CREEK
BOULEVARD, YULEE, NASSAU
COUNTY, FLORIDA 32097,

REAL PROPERTY, INCLUDING ALL
IMPROVEMENTS THEREON AND
APPURTENANCES THERETO,
LOCATED AT 27488 HIGHWAY 129
SOUTH, METTER, CANDLER COUNTY,
GEORGIA 30439, and

REAL PROPERTY, INCLUDING ALL
IMPROVEMENTS THEREON AND
APPURTENANCES THERETO,
LOCATED AT 3240 S. FLETCHER
AVENUE, UNIT 445, FERNANDINA
BEACH, NASSAU COUNTY, FLORIDA
32034

    Defendants.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff United States of

America brings this complaint and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States three pieces of real property (Defendant Properties). This action is brought pursuant to 18 U.S.C. § 981(a)(1)(C) because the Defendant Properties were purchased with proceeds of mail fraud and wire fraud, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343.

2. In addition, this action is brought pursuant to 18 U.S.C. § 981(a)(1)(A) because the Defendant Properties were purchased with the proceeds of mail fraud and wire fraud, each of which is a specified unlawful activity (SUA), and were involved in monetary transactions of more than $10,000 in proceeds of an SUA, in violation of 18 U.S.C. § 1957.

3. This action is also brought pursuant to 18 U.S.C. § 981(a)(1)(A) because Defendant Property listed as 3240 S. Fletcher Avenue, Unit 445, Fernandina Beach, Nassau County, Florida, was involved in transactions in violation of 18 U.S.C § 1956(a)(1)(B)(i), inasmuch as it was purchased with proceeds of an SUA in transactions conducted to conceal or disguise the nature, the location, the source or ownership of the proceeds of the SUA.

2

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

5. This Court has *in rem* jurisdiction over the Defendant Properties because pertinent acts giving rise to the forfeiture occurred in the Middle District of Florida. 28 U.S.C. § 1355(b)(1)(A).

6. Pursuant to Rule G(3)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and 18 U.S.C. § 985(c)(2), a notice of this forfeiture, as well as a copy of the complaint, shall be posted on each of the properties listed above and served on the owners of the Defendant Properties. Thereafter, neither the issuance of a warrant *in rem* nor any other action will be necessary for the Court to establish *in rem* jurisdiction over the properties. 18 U.S.C. § 985(c)(3).

7. Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395(a) because the actions giving rise to the forfeiture accrued in the Middle District of Florida.

## THE DEFENDANTS *IN REM*

8. The Defendant Properties are located in Nassau County, Florida, in the Middle District of Florida, and Candler County, Georgia in the Southern District of Georgia, and are described as:

    a. 76437 Timber Creek Boulevard, Yulee, Nassau County, Florida 32097, including all improvements thereon and appurtenances thereto, more particularly described as:

ALL THAT CERTAIN LAND SITUATE IN NASSAU COUNTY, FLORIDA, VIZ:

LOT 125 OF TIMBER CREEK PLANTATION PHASE TWO, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 7, PAGE(S) 165 THROUGH 168, OF THE PUBLIC RECORDS OF NASSAU COUNTY

Parcel No. 11-2N-26-2051-0125-0000;

    b. 27488 Highway 129 South, Metter, Candler County, Georgia 30439, including all improvements thereon and appurtenances thereto, more particularly described as:

ALL THAT CERTAIN LAND SITUTATE IN CANDLER COUNTY, GEORGIA, VIZ:

ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE 1685TH G.M. DISTRICT OF CANDLER COUNTY, GEORGIA, CONTAINING 447.33 ACRES, MORE OR LESS, TOGETHER WITH ALL IMPROVEMENTS THEREON, DESIGNATED AS "PARCEL 1B" AS SHOWN ON THAT CERTAIN PLAT SURVEY DATED DECEMBER 31, 1998, PREPARED BY GEORGE WILLIAM DONALDSON, REGISTERED SURVEYOR, WHICH PLAT IS RECORDED IN PLAT

BOOK 8, PAGE 85 IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF CANDLER COUNTY, GEORGIA AND WHICH PLAT OF SURVEY IS BE EXPRESS REFERENCE INCORPORATED HEREIN FOR DESCRIPTIVE AND ALL OTHER PURPOSES.

SAID PROPERTY IS BOUNDED, NOW OR FORMERLY, ACCORDING TO THE AFOREMENTIONED PLAT AS FOLLOWS: ON THE NORTH BY LANDS OF MARY SUE HENDRIX AND R. E. HENDRIX; ON THE EAST BY THE RUN OF FIFTEEN MILE CREEK; ON THE SOUTH AND SOUTHWEST BY THE CANOOCHEE RIVER AND LANDS OF LUCY HOLLOWAY AND LINDA H. ENGLISH AND BY LANDS OF J. T. HOLLOWAY; AND WESTERLY BY THE RIGHT OF WAY OF GEORGIA STATE HIGHWAY #129.

THIS IS THE SAME PROPERTY AS CONVEYED BY WARRANTY DEED DATED SEPTEMBER, 2005 FROM RICHARD BROOKS JONES AND PAMELA S. JONES TO SAVANNAH CAPITAL, LLC, RECORDED IN DEED BOOK 220, PAGE 624 IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF CANDLER COUNTY, GEORGIA.

LESS AND EXCEPT ANY PORTION OF THE ABOVE-DESCRIBED PROPERTY WITHIN THE RIGHT OF WAY OF GEORGIA STATE HIGHWAY #129.

Parcel No. 047 012 001; and

c. 3240 S. Fletcher Avenue, Unit 445, Fernandina Beach, Nassau County, Florida 32034, including all improvements thereon and appurtenances thereto, more particularly described as:

ALL THAT CERTAIN LAND SITUATE IN NASSAU COUNTY, FLORIDA, VIZ:

CONDOMINIUM UNIT NO. 45, OF AMELIA BY THE SEA, A CONDOMINIUM, TOGETHER

WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS, ACCORDING TO THE DECLARATION OF CONDOMINIUM DATED JUNE 28, 1973 AND RECORDED IN OFFICIAL RECORDS BOOK 148, PAGE 542, OF THE PUBLIC RECORDS OF NASSAU COUNTY, FLORIDA, AS AMENDED IN OFFICIAL RECORDS BOOK 195, PAGE 130, OFFICIAL RECORDS VOLUME 628, PAGE 1122, AND OFFICIAL RECORDS BOOK 685, PAGE 1288, OF THE AFORESAID PUBLIC RECORDS TOGETHER WITH ALL OF ITS APPURTENANCES ACCORDING TO THE DECLARATION

Parcel No. 00-00-31-1010-0045-0000;

## FORFEITURE AUTHORITY

9. Because the Defendant Properties were purchased with proceeds of mail fraud and wire fraud, they are subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), which states the United States may civilly forfeit property, real or personal, which constitutes, or is derived from proceeds of "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7). Section 1956(c)(7) defines "specified unlawful activity" to include activities described in section 1961(1), such as violations of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud).

10. Because the Defendant Properties were involved in money laundering, they are subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), which states the United States may civilly forfeit any property, real or personal, involved in a transaction or attempted transaction in

violations of 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property.

11. Specific details of the facts supporting the forfeiture of the Defendant Properties have been provided by Federal Bureau of Investigation (FBI) Special Agent Thomas J. Simon (SA Simon), who obtained the information through investigation, reviewing documents, and communicating with witnesses and other law enforcement officers.

12. The facts set forth below are not all the facts gathered by law enforcement during the investigation. Rather, as required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to show by a preponderance of the evidence that the Defendant Properties are subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A).

## FACTS

13. SA Simon has been a Special Agent for the FBI for over 23 years and is currently assigned to the Jacksonville Division of the FBI. He is also a Certified Public Accountant. In the performance of his duties, SA Simon has led, conducted, and participated in numerous white collar and financial crime investigations pertaining primarily to violations of federal law involving health care fraud, public corruption, bank fraud, mail fraud, and wire fraud.

14. SA Simon is the case agent for a joint investigation pertaining to an embezzlement scheme perpetrated by Gretchen Michele Camp to defraud Swisher

International, Inc. (Swisher) in a conspiracy with her husband, Richard E. Camp, Jr. (Camp Jr.) and John Wayne Garrard, Jr., a friend of Camp Jr. Swisher's headquarters is in Jacksonville, Florida. The company manufactures, produces, and sells a variety of products to include cigars, cigarillos, smokeless tobacco, and rolling papers, which are sold domestically and internationally. My investigation has disclosed that Camp, as a tax manager for Swisher at the Jacksonville, Florida location, utilized her position to defraud her employer of nearly $6 million. She defrauded the company through two different schemes.

### First Scheme

15. In the first scheme, Camp diverted funds owed to Swisher by the Department of the Treasury, Alcohol and Tobacco Tax and Trade Bureau (NRC Treasury) for refunds of tobacco taxes previously paid by Swisher. The tax refunds were due to Swisher because products for which Swisher had paid excise taxes had been destroyed, damaged, and/or withdrawn from the markets. The issuance of tax refunds on products no longer available for sale is an ordinary part of business. My investigation revealed that the NRC Treasury had long issued Swisher's refunds in the form of a credit to be applied to Swisher's next tax obligation rather than as refunds paid directly to Swisher's accounts. Throughout the course of the first scheme, Camp changed the return process

so that tax refunds were instead paid to her accounts. Camp had no legitimate basis to receive these tax refunds.

16. Camp began diverting funds owed to Swisher by the Department of the Treasury in or about September 2014. From September 2014 to September 2018, Camp submitted 31 separate claim forms to the Department of the Treasury on behalf of Swisher for tobacco tax refunds. On each of these claim forms, Camp included her banking information (i.e., bank routing number and bank account number) in the Direct Deposit section; doing this caused the tax refunds to be wired directly into her bank accounts. Because the funds were transmitted via wire, the first scheme involves wire fraud in violation of 18 U.S.C. §1343. During the period from September 2014 to September 2018, the amount of funds fraudulently obtained by Camp through this scheme totaled approximately $2 million. On 30 of the claim forms, Camp caused the tax refunds in the amount of $1,559,161.25 to be wired directly into Bank of America account number ending in 2165 (BOA 2165) held by Camp and Camp Jr. In the one remaining claim, Camp directed $445,337.67 into a PNC Bank account number ending in 8074 (PNC 8074).

17. Because Charles Schwab is not a financial institution, it cannot negotiate checks. For this reason, the PNC 8074 is effectively the conveyance through which the Camps negotiate checks from their Charles Schwab account ending in 5205 (Schwab 5205). Thus, the PNC 8074 and the Schwab 5205 are not

9

two separate accounts, but rather two different ways of referring to the same account. A tobacco tax refund of $445,337.67 was deposited directly from NRC Treasury to the Camps' Schwab 5205 on June 28, 2016.

18. In total, the tax refund scheme defrauded Swisher of $2,004,498.92.

### Second Scheme

19. The second scheme began on or about September 2017 and continued through approximately December 2018. In the second scheme, Camp created and caused to be paid by Swisher and E-Alternative Solutions (EAS)[1] fraudulent invoices in the name of Lodge and Anchor, LLC (Lodge). Lodge is a company located in Macon, Georgia and owned by Garrard. A review of the fraudulent invoices provided by EAS and Swisher determined that Lodge was billing for goods and services such as trade show set-up and breakdown costs, materials and labor for the construction of booths, marketing expenses, and artwork design for brochures. The investigation revealed that the invoices submitted by Camp ostensibly on behalf of Lodge were for goods and services never provided by Lodge to either EAS or Swisher. As a result of the fraudulent invoices submitted, checks were generated by EAS and Swisher and mailed to Lodge's business address in Macon, Georgia, which is the same address of Garrard's primary residence. Because the checks were mailed, the second

---

[1] EAS is a sister company to Swisher that provided an electronic alternative to cigarettes. It is co-located at the Swisher facility in Jacksonville, Florida. These fraudulent invoices were also submitted to EAS.

scheme involves mail fraud in violation of 18 U.S.C. § 1341. In total, the fraudulent invoice scheme defrauded Swisher of $3,588,084.97.

20. Garrard opened the following bank accounts for Lodge:

| Bank Name | Account # | Account Holder | Date Opened |
|---|---|---|---|
| PNC Bank | 53-3670-4442 | Lodge and Anchor LLC | 07/13/2017 |
| Renasant Bank | 8012579952 | Lodge and Anchor LLC | 02/15/2018 |
| Bank of America | 334054497912 | Lodge and Anchor LLC | 09/18/2018 |

21. A review of records for each of these bank accounts determined that the checks received from EAS and/or Swisher were deposited into the bank accounts identified in the table above. The total number and values of fraudulent checks received from Swisher and EAS are described in the tables listed below.

**PNC Bank Account No. 53-3670-4442 Held by Lodge and Anchor LLC**

| No. of Checks | Checks Received From | Total Amount |
|---|---|---|
| 10 | E-Alternative Solutions LLC (EAS) | $1,116,159.33 |
| 13 | Swisher International Inc. (Swisher) | $674,375.26 |
| | Total | $1,790,534.59 |

22. Cash and other funds, excluding refunds, reversals, and other non-revenue credits, deposited into the PNC account ending in 4442 totaled $12,386.35.

11

**Renasant Bank Account No. 8012579952 Held by Lodge and Anchor LLC**

| No. of Checks | Checks Received From | Total Amount |
|---|---|---|
| 10 | Swisher International Inc. (Swisher) | $510,780.25 |

23. Cash and other funds, excluding refunds, reversals, and other non-revenue credits, deposited into the Renasant account ending in 9952 (Renasant) totaled $152,548.56.

**Bank of America Account No. 334054497912 Held by Lodge and Anchor LLC**

| No. of Checks | Checks Received From | Total Amount |
|---|---|---|
| 20 | Swisher International Inc. (Swisher) | $1,065,609.77 |

24. Cash and other funds, excluding refunds, reversals, and other non-revenue credits, deposited into the Bank of America account ending in 7912 (BOA 7912) totaled $224,708.00. This amount includes inter-fund transfers of $203,548.00 between Bank of America accounts held by Garrard.

25. Further, review of bank account records demonstrates that Garrard, upon receipt and deposit of the checks mailed to him as a result of the fraudulently submitted invoices, would either write a check or purchase a cashier's check with funds from the Lodge accounts payable to Camp Jr.

26. Camp Jr. would then subsequently deposit these checks into BOA 2165 which he held jointly with Camp.

27. Camp and Camp Jr. then disbursed funds from BOA 2165 to purchase various assets such as guns, jewelry, luxury vehicles, collectibles, a condominium in Fernandina Beach, and to fund a lifestyle of luxury.

28. In total, Camp, Camp Jr., and Garrard defrauded EAS and Swisher out of approximately $5.6 million as a result of the two schemes. The loss amount suffered by EAS and Swisher are summarized in the table below.

| Description | Total Amount |
|---|---|
| Tobacco Tax Refund Scheme – 31 refunds diverted to bank accounts held by Camp and Camp Jr. | $2,004,498.92 |
| E-Alternative Solutions LLC – 10 fraudulent Lodge and Anchor LLC invoices were submitted to EAS and subsequently paid | $1,116,159.33 |
| Swisher International Inc. 49 fraudulent Lodge and Anchor LLC invoices were submitted to Swisher and subsequently paid | $2,345,665.64 |
| Swisher International Inc. – 2 fraudulent Howard Reed Enterprises Inc. invoices were submitted and paid[2] | $126,260.00 |
| Total Amount of Loss | $5,592,583.89 |

**Purchases of Real Property**

29. SA Simon's investigation traced the purchase of the Defendant Properties to illegal proceeds derived from the two previously described fraudulent schemes engaged in by Camp, Camp Jr., and Garrard. During the course of this investigation, FBI Forensic Accountant Kyle E. Stevens (FoA Stevens) conducted forensic analysis of all relevant bank accounts to trace the fraud

---

[2] In a similar scheme, Camp created and caused to be paid by Swisher fraudulent invoices in the name of Howard Reed Enterprises Inc. (hereinafter "Reed"). Reed operates a pawn shop in Macon, Georgia. This scheme is relevant to the overall loss amount, but not specifically to the Defendant Properties in this Complaint.

13

proceeds to the purchase of and/or payoff of loans secured to finance the Defendant Properties.

### Real Property Located At 76437 Timber Creek Blvd., Yulee, Nassau County, Florida

30.   On or about March 26, 2007, Camp and Camp Jr. purchased the real property located at 76437 Timber Creek Boulevard, Yulee, Florida to serve as their residence. The purchase price for this property was $250,000.00. The Camps financed the purchase of this property by obtaining a $199,992.00 mortgage loan from Countrywide KB Home Loans. On or about December 12, 2013, the Camps refinanced their mortgage through Ditech Financial L.L.C. (formerly Green Tree Services, L.L.C.), the successor mortgage holder. From approximately June 2007 to December 2015, the Camps continued to make monthly mortgage payments of approximately $1,500 to $1,700.

31.   The end of day balance in BOA 2165 on December 14, 2015 was $256.13.

32.   On December 15, 2015, BOA 2165 received a direct deposit wire transfer from the NRC Treasury in the amount of $393,107.08, which represented a tobacco tax refund payment fraudulently diverted by Camp. The only other deposit into BOA 2165 on December 15, 2015 was a $2,189.59 direct deposit from Swisher for Camp's payroll.

33. On December 16, 2015, $166,402.66 was then wired from BOA 2165 to Ditech Financial LLC to satisfy the mortgage loan for 76437 Timber Creek Blvd., Yulee, Florida. This wire transfer was funded by the tobacco tax refund due to Swisher, which Camp diverted into this bank account. Camp would not have been able to satisfy the mortgage loan but for having the funds obtained via the tax refund scheme. Thus, the payment of $166,402.66 to satisfy the Camps' mortgage loan was made with proceeds of an SUA, namely wire fraud, and also was a monetary transaction involving more than $10,000.00 in SUA proceeds in violation of 18 U.S.C. § 1957.

### Real Property Located At 27488 Hwy 129 South, Metter, Candler County, Georgia

34. On April 1, 2016, the balance in Schwab 5205 was $47.82. The account balance remained $47.82 until June 28, 2016.

35. On June 28, 2016, $445,337.67 was deposited into Schwab 5205 from NRC Treasury. These funds were the result of the tax refund scheme previously discussed. No additional deposits were credited to Schwab 5202 before June 28, 2016.

36. On July 1, 2016, Camp, Jr. wrote check number 115 drawn on BOA 2165 payable to Land Unlimited Inc. for $10,000.00 to fund the escrow money for the purchase of the real property located at 27488 Highway 129 South, Metter, Georgia (approximately 447 acres).

37. There were no other deposits into Schwab 5205 before July 27, 2016, when the Camps wired $326,833.40 balance due on the purchase of this property to the trust account of Ratcliffe & Smith P.C., the settlement agent that handled the closing for the sale of the real property.

38. The balance owed at closing could not be funded but for the deposit from NRC Treasury into Schwab 5205 on June 28, 2016. As previously mentioned, this deposit resulted from wire fraud (see tax refund scheme). Thus, the entire purchase price consisted of SUA proceeds. Furthermore, the wire to satisfy the balance due at closing was a monetary transaction of more than $10,000 in SUA proceeds, in violation of 18 U.S.C. § 1957.

**Real Property Located At 3240 S. Fletcher Avenue, Unit 445, Fernandina Beach, Nassau County, Florida**

39. On September 15, 2018, the balance in BOA 2165 was $35,066.98.

40. From, September 16, 2018 through November 8, 2018, $1,137,772.76 in deposits and other credits were posted to this bank account; of that, $1,082,473.67 constituted fraud proceeds traceable to the two fraud schemes described in paragraphs 15 through 28 above. The table below lists the fraudulent deposits posted to this account during this period.

| No. of Items | Payor Description | Amount |
|---|---|---|
| 16 | Lodge and Anchor LLC | $871,818.52 |
| 2 | NRC Treasury – Swisher Tax Refunds | $210,655.15 |
| | **Total** | $1,082,473.67 |

41. On or about October 16, 2018, the Camps used check number 347 drawn on BOA 2165 for $50,000.00 payable to ERA Fernandina Beach Realty to fund an escrow deposit for purchase of 3240 S. Fletcher Avenue, Unit 445, Fernandina Beach, Florida (the Condominium).

42. On November 8, 2018, the Camps funded the balance remaining at the closing of the purchase of the Condominium with a $486,719.41 wire from BOA account 2165.

43. The $486,719.41 wire transfer consisted of SUA proceeds transferred via check from bank accounts held by Lodge containing funds derived from the fraudulently submitted invoices ($871,818.52) and the fraudulently diverted tobacco tax refunds ($210,655.15).

44. Additionally, the two payments of $50,000.00 and $486,719.41 consisted of monetary transactions of more than $10,000 in SUA proceeds; thus, these payments constitute violations of 18 U.S.C. § 1957.

45. Further, because the $871,818.52 was derived from fraudulently submitted invoices, the use of the same to fund the closing constituted a financial transaction with proceeds from SUA, namely mail fraud, specifically intended to conceal the source or nature of the proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## CONCLUSION

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff, United States of America, requests that this Court initiate a process of forfeiture against the Defendant Properties, and duly notice all interested parties to appear and show cause why the forfeiture should not be decreed.

The United States further requests that the Court order the Defendant Properties forfeited to the United States for disposition according to law, and that the United States have such other relief as this case may require.

Dated: March 25, 2019

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *Bonnie A. Glober*
BONNIE A. GLOBER
Florida Bar No. 0748307
Assistant United States Attorney
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile:  (904) 301-6310
E-mail: bonnie.glober@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Thomas J. Simon, declare under the penalty of perjury, that I am a Special Agent with United States Federal Bureau of Investigation. I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my knowledge and belief.

I have acquired my knowledge in this matter through my personal experience, observation, and investigation, and through information conveyed to me by other law enforcement officers, as well as information contained in the official files and records of the United States.

Executed this 25 day of March 2019.

THOMAS J. SIMON
Special Agent
Federal Bureau of Investigation

3:19-cv-346-J-32JBT

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
Real Properties: 76437 Timber Creek Blvd., Yulee, Nassau County, Florida 32097, et al

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
AUSA Bonnie A. Glober, U.S. Attorney's Office, 300 N. Hogan Street, Suite 700, Jacksonville, FL 32202 (904) 301-6300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [X] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / **Habeas Corpus:** |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land |  / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee |  |  |
|  |  / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 981(a)(1)(C), 18 U.S.C. 981(a)(1)(A)

Brief description of cause:
civil forfeiture in rem

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE 3/25/19
SIGNATURE OF ATTORNEY OF RECORD
Bonnie A. Glober

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE 32 MAG. JUDGE JBT